# 25-632

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

COMMODITY FUTURES TRADING COMMISSION,

*Plaintiff-Appellee,*

v.

EDDY ALEXANDRE AND EMINIFX, INC.,

*Defendants-Appellees,*

v.

Pierre Acluche,

*Movant-Appellants.*

On Appeal from the United States District Court
for the Southern District of New York
(No. 1:22-cv-03822-VEC) (Hon. Valerie Caproni)

REPLY TO APPELLEE BRIEF BY THE COMMODITY FUTURES TRADING
COMMISSION

Pierre Acluche
EminiFX Investors
*Pro se*
905 Hines Ave
Lehigh Acres, Fl 33972
(239) 297-6209
pmacluche@gmail.com

# Table of Contents

*Page(s)*

TABLE OF CONTENTS ................................................................................... i

TABLE OF AUTHORITIES ............................................................................. ii

INTRODUCTION ..........................................................................................1

ARGUMENT...................................................................................................2

   I. The CFTC Misstates the Timeliness of the Motion ..................................... 2

  II. Appellant's Motion Was Timely Given the Ongoing Proceedings and
      Continuing Dissipation of the Receiver Estate ............................................. 3

 III. Appellant and Other Investors Are the Only Parties Capable of Effectively
      Representing the Interests of EminiFX, Inc. and Its Investors ....................... 5

      A.  Mr. Alexandre Has Been Incarcerated and Unable to Defend the
          Enforcement Action .......................................................................... 5

      B.  The Receiver Has Demonstrated Indifference and Conflict Toward
          Investors' Interests ........................................................................... 6

      C.  Only Investors Can Meaningfully Defend EminiFX, Inc. ................. 7

  IV. The District Court's Summary Denial Without a Hearing Violated Due
      Process....................................................................................................7

CONCLUSION ............................................................................................8

i

# Table of Authorities

*Page(s)*

**Cases**

*"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006) ................................................................................................... 1

*Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469 (2d Cir. 2010) .................. 7

*Castleman, as Receiver v. Interactive Brokers LLC*, Case No. 25 Civ. 00042 (VEC) (S.D.N.Y.) ...................................................................................................... 4

*Commodity Futures Trading Commission v. Alexandre, et al.*, Civil Docket No. 1:22-cv-03822-VEC (S.D.N.Y.) .................................................................. 3, 4, 5

*David A. Castleman as Receiver for EminiFX, Inc. v. Interactive Brokers LLC*, 25-CV-0042 (VEC) (S.D.N.Y.) ............................................................................ 6

*David A. Castleman, as Receiver for EminiFX, Inc., v. Claurelle Dieuveuil*, Case No. Not Yet Assigned, Supreme Court of the State of New York, County of New York, filed March 26, 2025 .............................................................................. 4

*In re Katz*, 623 F.2d 122 (2d Cir. 1980) ................................................................ 8

*Laroe Estates v. Town of Chester*, 828 F.3d 60 (2d Cir. 2016) .............................. 7

*Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024) ..................... 1, 2, 8

*USA v. Alexandre*, No. 1:22-cr-00326-JPC-1 (S.D.N.Y. 2022) ........................... 3 6

*USA v. Alexandre*, No. 1:24-cv-05767-JPC (S.D.N.Y. 2024) ................................ 3

**Statutes**

28 U.S.C. §§ 1331 and 1345 ................................................................................ 3

**Rules**

Fed. R. Civ. P. 24(a)(2) ..................................................................................... 1,8

**Introduction**

The CFTC's brief offers no convincing reason to uphold the District Court's denial of Appellant's motion to intervene. Rather than addressing the core constitutional concerns raised, that investors were deprived of due process when courts deferred wholesale to agency conclusions, the CFTC relies on procedural objections and the conclusory assertion that investors were "adequately represented." That standard is no longer viable after *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024).

This reply clarifies that the Appellant can intervene as a matter of right by having met his burden to: (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *"R" Best Produce, Inc. v. Shulman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006) (citing Fed. R. Civ. 24(a)). The Appellant need only demonstrate (1) the timeliness of the application and that (2) his interests are not adequately protected by the CFTC since the "CFTC takes no position regarding whether Acluche has an interest in the action or whether than interest may be impaired by the disposition of the action." Respondent's Br. at FN 6. The CFTC also does not contest the dissipation of the Receiver Estate as claimed by the Appellant. Respondent's Br. at FN 4.

1

The three core failings in the Appellee's argument are: (1) Appellant's motion was timely in light of both changed circumstances and procedural history; (2) the District Court erred in concluding that investors' interests were adequately represented; and (3) the parties most responsible for defending EminiFX, Inc. and protecting investor assets are unable or unwilling to act leaving the investors such as the Appellant as the only meaningful advocates.

## ARGUMENT

### I. The CFTC Misstates the Timeliness of the Motion.

The CFTC's characterization of the motion as "untimely" ignores critical facts. First, Appellant attempted to intervene as early as February 2023 to challenge the liquidation of Bitcoin assets. These early attempts were dismissed for the same flawed reasoning challenged now without analysis or evidentiary hearing.

Second, there were new and significant changes between the original denial and the latest motion filed in January 2025: (1) liquidation losses were confirmed to be approximately 48%, validating investor concerns; (2) the Supreme Court decided *Loper Bright*, expressly eliminating the *Chevron* deference, which lower courts erroneously applied in dismissing investor concerns; and (3) the distribution plan impacting $153 million was newly approved by the court just days before the motion with a significant amount of about $50 million held in the Receiver Estate.

2

When courts reopen distribution processes or when Supreme Court precedent alters the applicable legal framework, intervention becomes not only timely but necessary.

## II.  Appellant's Motion Was Timely Given the Ongoing Proceedings and Continuing Dissipation of the Receiver Estate.

The enforcement action remains active. No judgment has been entered, and the summary judgment motion is still pending.

Mr. Alexandre has filed appeals challenging the validity of the CFTC enforcement, *Commodity Futures Trading Commission v. Alexandre*, 24-1493, 24-2008, 24-2044, 25-950, 25-1278 (2nd Cir. pending).

Mr. Alexandre is also attempting to set aside his conviction, which he asserts resulted from attorney misconduct. The defendant's request for reconsideration is similar to the civil action, *USA v. Alexandre*, No. 1:24-cv-05767-JPC (S.D.N.Y. 2024), which is still pending alongside the criminal case, *USA v. Alexandre*, No. 1:22-cr-00326-JPC-1 (S.D.N.Y. 2022).

The Receiver continues to actively manage the estate, file sealed communications with the court, initiate lawsuits, and claim further assets are recoverable.

The Receiver noticed the district court in *Commodity Futures Trading Commission v. Alexandre, et al.*, Civil Docket No. 1:22-cv-03822-VEC (S.D.N.Y.), Notice of

3

Filing of Action, filed March 26, 2025 (ECF No. 465) (Attachments: Exhibit A—Summons & Complaint) the matter of two new cases: *Castleman, as Receiver v. Interactive Brokers LLC*, Case No. 25 Civ. 00042 (VEC) (S.D.N.Y.), filed March 26, 2025 and *David A. Castleman, as Receiver for EminiFX, Inc., v. Claurelle Dieuveuil*, Case No. Not Yet Assigned, Supreme Court of the State of New York, County of New York, filed March 26, 2025.

In both cases, the Receiver is attempting to retrieve funds he believes belongs to the Receiver Estate. In the *Dieuveuil* case, he believes the former CFO of EminiFX, Inc. received over $500,000 from investors that were not reported or deposited in EminiFX, Inc. accounts. In the *Interactive Brokers LLC* case, which has been remanded to state court, the Receiver is arguing that this company which held about $10 million of EminiFX investor funds should be responsible for this amount most of which was reported as lost in trades under their control.

The Receiver filed the most report status report to the court, *Commodity Futures Trading Commission v. Alexandre, et al.*, Civil Docket No. 1:22-cv-03822-VEC (S.D.N.Y.), Twelfth Status Report (First Quarter 2025) of Receiver David A. Castleman, filed April 30, 2025 (ECF No. 476).

In this status report, the Receiver claims estate assets of $74,078,171 or nearly 29% of the $290 million of the value of the Receiver Estate.

4

The Receiver subsequently filed an Ex-Parte Status Report with under seal containing an Application for Payment of Fees and Expenses in *Commodity Futures Trading Commission v. Alexandre, et al.*, Civil Docket No. 1:22-cv-03822-VEC (S.D.N.Y.), dated April 30, 2025 (ECF No. 477-480).

These developments directly bear on the timeliness of Appellant's motion to intervene. A party cannot be said to delay when the litigation and the underlying factual record remain fluid. Moreover, the Receiver has not finalized distribution but is continuing to spend from the estate, reinforcing the urgency and relevance of investor participation.

### III. Appellant and Other Investors Are the Only Parties Capable of Effectively Representing the Interests of EminiFX, Inc. and Its Investors

#### A. Mr. Alexandre Has Been Incarcerated and Unable to Defend the Enforcement Action

Since his plea, Mr. Alexandre has been incarcerated and unable to participate meaningfully in the civil case. His plea agreement included **no admission that EminiFX, Inc. was a Ponzi scheme**. Instead, the district court suggested this to be the case with little regard to due process:

> Although Mr. Alexandre contests liability in the CFTC Action, he pled guilty to commodities fraud in a parallel criminal action, admitting that he "intentionally and willfully" misinformed investors about EminiFX's trading

> functionalities "to get them to invest with EminiFX." *See* Tr., *United States v. Alexandre*, 22-CR-326 (S.D.N.Y. 2022), Dkt. 78, at 30:6–11, see also id. at 25:9–17. This Court also concluded that EminiFX exhibited the hallmarks of a Ponzi scheme based on evidence put forth by the Receiver in support of his proposed distribution plan. *See* Opinion & Order, CFTC Action, Dkt. 431, at 9–11.
>
> *David A. Castleman as Receiver for EminiFX, Inc. v. Interactive Brokers LLC*, 25-CV-0042 (VEC) (S.D.N.Y.), Opinion & Order, Docket No. 14, at *n.1* (footnote), filed April 10, 2025.

Mr. Alexandre has since filed legal motions seeking to vacate his conviction on the grounds that he was misinformed by counsel. His inability to act, coupled with his **lack of participation in this appeal**, confirms that investor intervention is necessary.

### B. The Receiver Has Demonstrated Indifference and Conflict Toward Investors' Interests

The Receiver's conduct has repeatedly failed to align with investor interests. Despite thousands of objections, the Receiver liquidated Bitcoin assets at an average price of $23,217 nearly 48% below their value at the time of investment. These actions had substantially reduced the estate's value and injured the very class the Receiver was appointed to serve.

The Receiver has also acted unilaterally, communicating with the court outside of investor view and initiating new lawsuits while claiming the estate still holds or may

obtain more funds. Such conduct disqualifies the Receiver from serving as a proxy for investor interests under any standard of adequate representation.

### C. Only Investors Can Meaningfully Defend EminiFX, Inc.

EminiFX, Inc. was not merely a company, it was the investment platform through which more than 60,000 individuals coordinated investment activity in a private club structure. Appellant and others seek to defend this platform, challenge allegations of fraud, and hold the Receiver accountable for the dissipation of assets.

The CFTC, having already adopted an adversarial stance, cannot be neutral. And with Mr. Alexandre incarcerated and the Receiver conflicted, investors are the **only** interested parties with both standing and motivation to defend the legal entity through which they invested. See *Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469 (2d Cir. 2010); *Laroe Estates v. Town of Chester*, 828 F.3d 60 (2d Cir. 2016).

If granted intervention, Appellant may enter his own motion for summary judgement in the best interest of EminiFX, Inc. and investors' assets.

### IV.    The District Court's Summary Denial Without a Hearing Violated Due Process

The district court denied Appellant's motion in a cursory manner, without a hearing and without assessing newly raised issues or legal developments. The court ignored material changes in the litigation and failed to engage with the independent

7

obligations imposed on courts by *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), which abolished Chevron deference and mandates judicial fact-finding without agency presumption.

As this Court recognized in *In re Katz*, 623 F.2d 122 (2d Cir. 1980), when a party raises colorable claims implicating property rights and procedural fairness, the court must offer a genuine opportunity to be heard. Appellant received none.

## CONCLUSION

This is not a closed or settled case. It is an active dispute involving significant, unresolved legal and factual questions, dissipation of investor assets, and inadequate representation of parties whose property and legal interests are at stake. The district court's denial of intervention, without process or analysis, was error.

For the foregoing reasons, Appellant respectfully requests that the Court reverse the Order of the District Court entered January 30, 2025, and remand with instructions to permit intervention pursuant to Fed. R. Civ. P. 24(a)(2), or alternatively, to conduct a full evidentiary hearing on the questions of timeliness, adequacy of representation, and investor prejudice.

Respectfully submitted,

/s
Pierre Acluche
EminiFX Investors
*Pro se*

8

905 Hines Ave
Lehigh Acres, Fl 33972
(239) 297-6209
pmacluche@gmail.com

## CERTIFICATE OF COMPLIANCE

This brief complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Microsoft Word in Times New Roman 14-point font, a proportionally spaced typeface. This brief also complies with the page limitation/type-volume limitation requirements of Federal Rule of Appellate Procedure 32(a)(7) and Local Rule 32.1(a)(4)(B) because it does not exceed 15 pages and does not contain more than 7,000 words.

/s

_____

Pierre Acluche

9

# ⊓ Staples™

Low price. Every item. Every day.
Store No: 0421
1825 Tamiami Trail
Port Charlotte, FL, 33948
(941) 764-0555

262626 00 026 30765

Receipt #: 30765                    07/18/2025 15:36
SALE

| Qty | Pages | Description | Amount |
|-----|-------|-------------|--------|
| 1 | 14 | Print From Email- 2821515 | 3.92 |
| | | - Letter 8.5 x 11" | |
| | | - Black & White (14 pages) | |

SubTotal                                        3.92
Standard Tax 7.0%                               0.27
Total                                   USD $ 4.19

Visa #:***********8452 [ C ]
VISA DEBIT
Chip Read
Auth No.: 052554
Mode: Issuer
AID: A0000000031010
TVR: 8000008000
IAD: 0606120360A000
TSI: 6800
ARC: 3030
NO CVM

The Cardholder agrees to pay the Issuer of the charges card is accordance with the agreement between the Issuer and the Cardholder.

Compare and Save
With Staples-brand products
THANK YOU FOR SHOPPING AT STAPLES!

# Major savings ahead!

## $20 OFF
### custom print orders of $100 or more.

**Coupon code: 23779**

Valid in Staples® U.S. stores, online at staples.com/services/printing, or in the Staples app. Not valid on weddings.staples.com. Excludes courier/delivery fees. While supplies last. Excludes business services, direct mail, shredding, shipping services, postage stamps, promotional products, scanning, faxing, self-service printing, self-service scanning, self-service faxing, custom checks and forms, engraved desk, door and wall signs, and computer workstation rentals. Limit one coupon per customer, nontransferable. Offer is subject to change or cancellation at any time. Minimum purchase requirement be met with purchases to which no other coupon or instant savings offer applies. Tax and shipping not included in calculating the minimum purchase. Each item purchased can only be discounted by one coupon, applied at checkout. Coupon not valid if purchased or sold and must be presented to associate if purchased in store. No cash/credit back. Not valid on prior purchases or purchases made with Staples Business Advantage® In-store Purchase Program. Coupon value applied pre-tax. Expires 9/13/25.

⊓ Staples.

## $125 OFF
### custom print orders of $350 or more.

**Coupon code: 83776**

Valid in Staples® U.S. stores, online at staples.com/services/printing, or in the Staples app. Not valid on weddings.staples.com. Excludes courier/delivery fees. While supplies last. Excludes business services, direct mail, shredding, shipping services, postage stamps, promotional products, scanning, faxing, self-service printing, self-service scanning, self-service faxing, custom checks and forms, engraved desk, door and wall signs, and computer workstation rentals. Limit one coupon per customer, nontransferable. Offer is subject to change or cancellation at any time. Minimum purchase requirement must be met with purchases to which no other coupon or instant savings offer applies. Tax and shipping not included in calculating the minimum purchase. Each item purchased can only be discounted by one coupon, applied at checkout. Coupon not valid if purchased or sold and must be presented to associate if purchased in store. No cash/credit back. Not valid on prior purchases or purchases made with Staples Business Advantage® In-store Purchase Program. Coupon value applied pre-tax. Expires 9/13/25.

⊓ Staples.

## APP-ONLY DEAL
## 20% OFF
### UPS® express shipping services.



Valid in Staples® U.S. stores only on UPS express shipping services. Coupon only available on the Staples® app and must be presented at checkout. May not be valid in combination with other coupons. Limit one coupon per customer, nontransferable. Offer is subject to change or cancellation at any time. Not valid on prior purchases or purchases made with Staples Business Advantage® In-store Purchase Program. No cash/credit back. One-time use only. Redeemed coupons cannot be made available for reuse. Coupon value applied pre-tax. Expires 8/2/25.

⊓ Staples.

WF02416

# Staples.

Low price. Every item. Every day.
Store No: 0421
1825 Tamiami Trail
Port Charlotte, FL, 33948
(941) 764-0555

26262600 026 30780

Receipt #: 30780          07/18/2025 16:06
SALE

| Qty | Pages | Description | Amount |
|-----|-------|-------------|--------|
| 1 | 12 | Copy - 2821512 | 3.36 |
|  |  | - Letter 8.5 x 11" |  |
|  |  | - Black & White (12 pages) |  |

SubTotal                                    3.36
Standard Tax 7.0%                           0.24
Total                              USD $ 3.60

Visa #:***********8452 [ C ]
VISA DEBIT
Chip Read
Auth No.: 000840
Mode: Issuer
AID: A0000000031010
TVR: 8000008000
IAD: 06061203602000
TSI: 6800
ARC: 3030
NO CVM

The Cardholder agrees to pay the Issuer of the charges card
is accordance with the agreement between the Issuer and the
Cardholder.

Compare and Save
With Staples-brand products
THANK YOU FOR SHOPPING AT STAPLES!

---

# Major savings ahead!

## $20 OFF
### custom print orders of $100 or more.

**Coupon code: 23779**

Valid in Staples® U.S. stores, online at staples.com/services/printing, or in the Staples app. Not valid on weddings.staples.com. Excludes courier/delivery fees. While supplies last. Excludes business services, direct mail, shredding, shipping services, postage stamps, promotional products, scanning, faxing, self-service printing, self-service scanning, self-service faxing, custom checks and forms, engraved desk, door and wall signs, and computer workstation rentals. Limit one coupon per customer, nontransferable. Offer is subject to change or cancellation at any time. Minimum purchase requirement must be met with purchases to which no other coupon or instant savings offer applies. Tax and shipping not included in calculating the minimum purchase. Each item purchased can only be discounted by one coupon, applied at checkout. Coupon not valid if purchased or sold and must be presented to associate if purchased in store. No cash/credit back. Not valid on prior purchases or purchases made with Staples Business Advantage® In-store Purchase Program. Coupon value applied pre-tax. Expires 9/13/25.

# Staples.

## $125 OFF
### custom print orders of $350 or more.

**Coupon code: 83776**

Valid in Staples® U.S. stores, online at staples.com/services/printing, or in the Staples app. Not valid on weddings.staples.com. Excludes courier/delivery fees. While supplies last. Excludes business services, direct mail, shredding, shipping services, postage stamps, promotional products, scanning, faxing, self-service printing, self-service scanning, self-service faxing, custom checks and forms, engraved desk, door and wall signs, and computer workstation rentals. Limit one coupon per customer, nontransferable. Offer is subject to change or cancellation at any time. Minimum purchase requirement must be met with purchases to which no other coupon or instant savings offer applies. Tax and shipping not included in calculating the minimum purchase. Each item purchased can only be discounted by one coupon, applied at checkout. Coupon not valid if purchased or sold and must be presented to associate if purchased in store. No cash/credit back. Not valid on prior purchases or purchases made with Staples Business Advantage® In-store Purchase Program. Coupon value applied pre-tax. Expires 9/13/25.

# Staples.

## APP-ONLY DEAL
# 20% OFF
### UPS® express shipping services.



Valid in Staples® U.S. stores only on UPS express shipping services. Coupon only available on the Staples® app and must be presented at checkout. May not be valid in combination with other coupons. Limit one coupon per customer, nontransferable. Offer is subject to change or cancellation at any time. Not valid on prior purchases or purchases made with Staples Business Advantage® In-store Purchase Program. No cash/credit back. One-time use only. Redeemed coupons cannot be made available for reuse. Coupon value applied pre-tax. Expires 8/2/25.

# Staples.

WFO2916

## UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Commodity Futures Trading Commission

**CERTIFICATE OF SERVICE***

v.

Docket Number: __25-632__

## Alexandre et al

I, Pierre Acluche , hereby certify under penalty of perjury that
(print name)
on July 18, 2025 , I served a copy of Reply to Appellee Brief by the Commodity
(date)
Futures Trading Commission
(list all documents)

by (select all applicable)**

___ Personal Delivery          X United States Mail          ___ Federal Express or other
                                                              Overnight Courier

___ Commercial Carrier          X E-Mail (on consent)

on the following parties:

Conor Daly          cdaly@cftc.gov

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| David Allen Castleman | dcastleman@otterbourg.com | | | |
| Name | Address | City | State | Zip Code |
| Eddy Alexandre | P.O. Box 1000 | White Deer | PA | 17887 |
| Name | Address | City | State | Zip Code |
| Benjamin Torrance | benjamin.torrance@usdoj.gov | | | |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

July 18, 2025
Today's Date

Signature

Certificate of Service Form (Last Revised 12/2015)

UPS 2nd Day Air

Visit **theupsstore.com** to find a location near you.

**Domestic Shipments**
- To qualify for the Letter rate, UPS Express Envelopes may only contain correspondence, urgent documents, and/or electronic media, and must weigh 8 oz. or less. UPS Express Envelopes containing items other than those listed or weighing more than 8 oz. will be billed by weight.

**International Shipments**
- The UPS Express Envelope may be used only for documents of no commercial value. Certain countries consider electronic media as documents. Visit ups.com/importexport to verify if your shipment is classified as a document.

- To qualify for the Letter rate, the UPS Express Envelope must weigh 8 oz. or less. UPS Express Envelopes weighing more than 8 oz. will be billed by weight.

**Note:** Express Envelopes are not recommended for shipments of electronic media containing sensitive personal information or breakable items. Do not send cash or cash equivalent.

Apply shipping documents on

Do not use this envelope for:

**UPS Ground®**
**UPS Standard®**
**UPS 3 Day Select®**
**UPS Worldwide Expedited®**

Visit **theupsstore.com** to l about our Print & Business



0.3 LBS LTR
SHP WT: LTR
DATE: 18 JUL 2025

PIERE ACLUCHE
(239) 297-8209
THE UPS STORE #3195
STE 38
3280 TAMIAMI TRL
PORT CHARLOTTE FL 33952-8086

SHIP CLERKS OFFICE REF 25632
TO: THURGOOD MARSHALL UNITED
40 FOLEY SQ
NEW YORK NY 10007-1502

UPS NEXT DAY AIR 1
TRACKING #: 1Z EA1 812 01 2137 3788

BILLING: P/P

REF #2: JK

MHUF/J9F8BER 18H 13.0AC 22P 480 25.8V 06/2025

SEE NOTICE ON REVERSE regarding UPS's Terms and Limitations of Liability. Where allowed by law, shipper and/or receiver authorizes UPS to act as their agent to pay any duty and taxes related and grants authority to the clearance agent. As agent of the shipper, the payor is responsible for all charges.




Serving you for more than 100 years
United Parcel Service.


100% Recycled fiber
80% Post-Consumer


International Shipping Notice — Carriage hereunder may be subject to the rules relating to liability and other terms and/or conditions established by the Convention for the Unification of Certain Rules Relating to International Carriage by Air (the "Warsaw Convention") and/or the Convention on the Contract for the International Carriage of Goods by Road (the "CMR Convention"). These commodities, technology or software were exported from the U.S. in accordance with the Export Administration Regulations. Diversion contrary to U.S. law prohibited.

01880250709 08/21 United Pa