# 25-632

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

Commodity Futures Trading Commission,

Plaintiff-Appellee,

ABC,

Plaintiff,

v.

Pierre Acluche,

Appellant,

Eddy Alexandre, DEF, EminiFX, Inc.,

Defendants,

United States of America,

Intervenor.

On Appeal from the United States District Court
for the Southern District of New York, No. 22-cv-03822-VEC

**APPELLEE COMMODITY FUTURES TRADING COMMISSION'S
RESPONSE TO MOTION FOR LEAVE TO SUPPLEMENT THE RECORD**

Meghan Tente
 *Acting General Counsel*
Anne Stukes
 *Acting Deputy General Counsel*
Margaret Aisenbrey
 *Senior Assistant General Counsel*
Commodity Futures Trading Commission
1155 21st Street, NW
Washington, DC  20581
(816) 960-7749

Dated December 1, 2025          maisenbrey@cftc.gov

1

This appeal concerns the District Court's denial of *pro se* Appellant's motion to intervene in ongoing litigation in the District Court.[1] Appellant moved this Court to supplement the record to include two additional post-appeal filings in the District Court case, and three news articles regarding the bankruptcy estate of FTX—a digital asset exchange that is not a party to this litigation. (2d. Cir. No. 25-632, Dkt. 55.1). While the CFTC does not oppose the inclusion of the post-appeal District Court filings, the CFTC notes that neither the Rules nor Circuit law allows for the supplementation of the record here. Appellant does not cite Rule 10 of the Federal Rules of Appellate Procedure, which governs the record on appeal, nor does he argue that any of his proffered exhibits fit within the standard laid out in the Rule. Further, he has not established extraordinary circumstances that would warrant supplementing the record outside the bounds of the Rule. Therefore, this Court should deny his request, especially as to any news articles about the bankruptcy of a nonparty.

Rule 10(a) governs the record on appeal, which is composed of "(1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk." Fed. R.App. P. 10(a). Read literally, this Rule may suggest that all

---

[1] The Second Circuit treats the district court's denial of a motion to intervene as a final order appealable under 28 U.S.C. § 1291. *See Bridgeport Guardians, Inc. v. Delmonte*, 602 F.3d 469, 473 (2d Cir. 2010).

items filed with the district court are part of the record on appeal, but it does not

include filings after the date of the decision being challenged. 16A Catherine T.

Struve, *Federal Practice & Procedure* § 3956.1 (5th ed. 2025) (discussing the

limits to reading the Rule to include all filings and stating "[o]ne such limit is that,

ordinarily, the court of appeals will not consider matter that was filed with the

district court, if at all, after the date of the judgment or order that is challenged on

appeal.").[2]

Nor is supplementation appropriate under Rule 10(e), which allows for

correction or modification of the record "[i]f anything material to either party is

omitted from or misstated in the record by error or accident," appropriate here.

Fed. R.App. P. 10(e)(2). Here, Appellant does not contend anything was omitted

or misstated in the record by error or accident. Rather, he requests the record

expand to include extraneous news articles about the bankruptcy of a different

company which he contends "demonstrate" problems with the instant receiver or

provide a "highly relevant" comparative example of a receivership. But, as this

---

[2] This Court could take judicially notice of a fact that is not subject to reasonable dispute. Fed. R. Evid. 201(b); *see also Dixon v. von Blanckensee,* 994 F.3d 95, 102 (2d Cir. 2021). The District Court filings that Appellant moves to include in the record occurred well after the January 27, 2025, District Court decision denying his motion to intervene. Thus, neither of these filings were in front of the District Court when it rendered the decision that Appellant challenges, and the filings are not part of the record. However, the CFTC acknowledges that the existence of these filings is not subject to reasonable dispute, and this Court could take notice of them.

Court has held, Rule 10(e) cannot be used to introduce new evidence. *See, Eng v. New York Hosp.*, 199 F.3d 1322 (2d Cir. 1999) ("Rule 10(e) is not a device for presenting evidence to this Court that was not before the trial judge.").

Finally, while this Court will consider evidence outside the record before the District Court in "extraordinary circumstances," *see, e.g.*, *IBM Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975), Appellant has not claimed extraordinary circumstances and cannot demonstrate they exist regarding news articles about FTX's bankruptcy. 16A Catherine T. Struve, *Federal Practice & Procedure* § 3956.4 (5th ed. 2025) (discussing circumstances where supplementation may occur including where the supplementation would go to subject-matter jurisdiction or allow the court to resolve a question on appeal and avoid a remand). Appellant maintains that the articles are "highly relevant" as showing "what competent crypto estate management looks like." (Dkt. 55.1 at 3, 4). However, the FTX bankruptcy occurred under different circumstances than those that exist in this matter. Further, articles about the management of that bankruptcy do not have any bearing on the question of whether the District Court should have allowed Appellant to intervene here. Accordingly, Appellant has failed to demonstrate extraordinary circumstances warranting supplementation of the record.

For the foregoing reasons, the CFTC respectfully submits this Court should deny Appellant's Motion to Supplement.

5

Respectfully Submitted,

Dated:  December 1, 2025

/s/ Margaret P. Aisenbrey
Senior Assistant General Counsel
U.S. Commodity Futures Trading
  Commission
2600 Grand Blvd., Ste 210
Kansas City, MO 64113
Email: maisenbrey@cftc.gov
Telephone: (816) 960-7700

Attorney for Commodity Futures
Trading Commission

**CERTIFICATE OF COMPLIANCE**

1.  This document complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) and Second Circuit Rule 27.1(a) because it contains 793 words, excluding any part exempted by Fed. R. App. P. 27(a)(2)(B) and 32(f).

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a monospaced typeface using 2019 Microsoft Word in Times New Roman 14-point type.

*/s/ Margaret Aisenbrey*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 1, 2025, I have caused a copy of the

foregoing to be served on counsel of record through the Court's CM/ECF system.

I further certify that on December 2, 2025 I caused the foregoing to be sent by

certified mail upon the following:

Pierre Acluche
905 Hines Avenue
Lehigh Acres, FL 33972

Eddy Alexandre
Reg. No. 00712-510
FCC Allenwood-Low
P.O. Box 1000
White Deer, PA 17887

Dated: December 1, 2025

*/s/ Margaret Aisenbrey*
Margaret Aisenbrey