# 25-632

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

COMMODITY FUTURES TRADING COMMISSION,

*Plaintiff-Appellee,*

v.

EDDY ALEXANDRE AND EMINIFX, INC.,

*Appellant*,

UNITED STATES OF AMERICA,

*Intervenor*.

On Appeal from the United States District Court
for the Southern District of New York
(No. 1:22-cv-03822-VEC) (Hon. Valerie Caproni)

---

APPELLANT'S REPLY IN SUPPORT OF MOTION TO SUPPLEMENT THE RECORD AND FOR JUDICIAL NOTICE

---

Pierre Acluche
EminiFX Investors
*Pro se*
905 Hines Ave
Lehigh Acres, Fl 33972
(239) 297-6209
pmacluche@gmail.com

Pierre Acluche, pro se, respectfully submits this reply to the Commodity Futures Trading Commission's response (Dkt. 62.1) regarding Appellant's Motion to Supplement the Record and for Judicial Notice.

## I. THE CFTC DOES NOT OPPOSE JUDICIAL NOTICE

As an initial matter, the CFTC expressly states that it does not oppose the Court taking judicial notice of the Department of Justice memorandum.

The only dispute raised by the CFTC concerns the relevance of the memorandum to the issues on appeal.

Thus, the motion is largely uncontested.

## II. THE CFTC MISCHARACTERIZES THE RELEVANCE OF THE LIQUIDATION ISSUE

The CFTC argues that the liquidation of digital assets "is not at issue in this appeal" because the appeal concerns whether the district court abused its discretion in denying intervention.

This argument misunderstands the basis of the appeal.

The district court's denial of intervention rested on the assumption that the existing parties—the CFTC and the Receiver—adequately represent investor interests.

That presumption is precisely what Appellant challenges.

Evidence that the Receiver mismanaged estate assets directly bears on whether investors were adequately represented.

The Receiver's liquidation of cryptocurrency assets at depressed market prices resulted in massive losses to the estate and therefore undermines the premise that the Receiver was acting in investors' best interests.

Thus, the liquidation issue is not collateral. It goes directly to the adequacy-of-representation analysis that underlies the intervention ruling.

## III. THE DISTRICT COURT FAILED TO CONSIDER THE LOSS TO THE RECEIVERSHIP ESTATE

In denying intervention, the district court did not consider the economic consequences of the Receiver's liquidation decisions.

Appellant argued in his appellate brief that the Receiver liquidated cryptocurrency assets during a depressed market cycle, causing substantial and avoidable losses to the estate.

Those losses are highly relevant because they demonstrate that:

- the Receiver's actions materially reduced estate value;

2

- investors' concerns about asset management were justified; and

- existing parties may not adequately represent investor interests.

The DOJ memorandum reinforces that this type of loss is a recognized systemic problem in digital asset enforcement cases.

The memorandum explains that when digital assets are valued or liquidated during market downturns, investors may lose the benefit of later appreciation they otherwise would have realized.

The district court's intervention analysis did not consider this issue.

## IV. THE RECEIVER CONTINUES TO CONTROL AND EXPAND THE ESTATE

The CFTC also overlooks another key fact: the Receivership estate remains active.

The Receiver has represented that he continues to marshal estate assets and pursue additional recovery through litigation against third parties.

If the Receiver succeeds in obtaining additional digital assets through these lawsuits, those assets will again fall under the Receiver's control.

Given the prior liquidation decisions, newly recovered cryptocurrency assets face the same risk of mismanagement and premature liquidation.

This ongoing risk further demonstrates why investor participation is necessary and why the district court's denial of intervention was an abuse of discretion.

## V. THE DOJ MEMORANDUM PROVIDES IMPORTANT CONTEXT

The Department of Justice memorandum provides important context regarding federal policy toward digital asset enforcement cases.

It acknowledges that the collapse of several major digital asset companies in 2022 occurred during a severe market downturn.

It further recognizes that digital asset investors have sometimes been forced to recover losses based on depressed market valuations rather than the value their assets later achieved.

This policy recognition reinforces the economic concerns raised by Appellant and other investors.

The memorandum therefore supports, not undermines, the relevance of Appellant's arguments.

## VI. THE SUPPLEMENTAL MATERIAL IS PROPERLY BEFORE THE COURT

Because the CFTC does not oppose judicial notice, the remaining question is simply

4

whether the material may assist the Court in evaluating the issues presented.

The DOJ memorandum provides authoritative context regarding the risks associated with forced digital asset liquidation during market downturns.

As such, it is properly considered when evaluating whether the district court abused its discretion in concluding that investors were adequately represented.

## CONCLUSION

For the foregoing reasons, Appellant respectfully requests that the Court grant the Motion to Supplement the Record and for Judicial Notice.

Dated: March 5, 2026

>Respectfully submitted,
>
>Pierre Acluche
>EminiFX Investors
>*Pro se*
>905 Hines Ave
>Lehigh Acres, Fl 33972
>(239) 297-6209
>pmacluche@gmail.com

**Certificate of Compliance**

Pursuant to Fed. R. App. P. 32(a)(7)(C) and Circuit Rule 32(a), I hereby certify that the foregoing brief was produced using the Times New Roman 14-point typeface and contains 663 words.