25-632-cv
*Commodity Futures Trading Comm'n v. Acluche*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of March, two thousand twenty-six.

**PRESENT:**
> MICHAEL H. PARK,
> ALISON J. NATHAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

**Commodity Futures Trading Commission,**

> *Plaintiff-Appellee,*

v.                    25-632

**Pierre Acluche,**

> *Appellant.*[*]

---

**FOR PLAINTIFF-APPELLEE:**             Margaret Aisenbrey,

---

[*] The Clerk of Court is respectfully directed to amend the caption accordingly.

|  |  |
|---|---|
|  | Senior Assistant General Counsel, Commodity Futures Trading Commission, Kansas City, MO. |
| **FOR APPELLANT:** | Pierre Acluche, pro se, Lehigh Acres, FL. |

Appeal from an order of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court, entered on January 30, 2025, is **AFFIRMED**.

Pierre Acluche, proceeding pro se, appeals from the district court's denial of his motion to intervene. The Commodity Futures Trading Commission ("CFTC") brought a civil enforcement action against Eddy Alexandre and EminiFX, alleging violations of the Commodity Exchange Act and CFTC regulations. Pierre Acluche, purporting to represent himself and other EminiFX investors,[1] repeatedly moved to intervene, arguing that the CFTC did not adequately represent the investors' interests. The district court

---

[1] Acluche has always purported to represent other EminiFX investors, both in the district court and now. But proceeding pro se, Acluche "may not appear on another person's behalf in the other's cause." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998). We thus consider his arguments for intervention as an individual only.

2

denied these motions, concluding that the investors' interests were adequately represented by the CFTC. *E.g.*, *Commodity Futures Trading Comm'n v. Alexandre*, 22-CV-3822 (VEC), 2024 WL 622107 (S.D.N.Y. Feb. 14, 2024). In January 2025, Acluche again moved to intervene, and the district court again denied the motion. Acluche appealed the January 2025 order. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.[2]

"We review a district court's denial of a motion to intervene for abuse of discretion." *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 299 (2d Cir. 2003). "In order to intervene as a matter of right under Fed. R. Civ. P. 24(a)(2), an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *Id.* at 300. "Failure to satisfy *any one* of these requirements is a sufficient ground to deny the application." *Id.*

The district court did not abuse its discretion by concluding that Acluche's interests were adequately represented by the CFTC and denying his motion to intervene on that basis. "While the burden to demonstrate inadequacy of representation is generally speaking 'minimal,' we have demanded a more rigorous showing of inadequacy in cases where the putative intervenor and a named party have the same

---

[2] Acluche also filed motions asking us to supplement the record or take judicial notice of various supplemental materials. Those materials would not affect our grounds for affirmance, so the motions are denied as moot.

3

ultimate objective." *Butler, Fitzgerald & Potter v. Sequa Corp.*, 250 F.3d 171, 179 (2d Cir. 2001) (citations omitted). "Where there is an identity of interest . . . the movant to intervene must rebut the presumption of adequate representation by the party already in the action." *Id.* at 179–80. "Although perhaps not an exhaustive list . . . evidence of collusion, adversity of interest, nonfeasance, or incompetence may suffice to overcome the presumption of adequacy." *Id.* at 180. Further, "[t]he proponent of intervention must make a particularly strong showing of inadequacy in a case where the government is acting as *parens patriae*." *United States v. City of New York*, 198 F.3d 360, 367 (2d Cir. 1999).

Here, Acluche and the CFTC share "the same ultimate objective"—recovery of money transferred to EminiFX. *See Butler*, 250 F.3d at 179. Acluche challenged the receiver's decision to liquidate EminiFX's Bitcoin holdings. But this fails to rebut the presumption of the CFTC's adequate representation. The receiver's decision did not reflect "evidence of collusion, adversity of interest, nonfeasance, or incompetence." *Id.* at 180. Nor did it otherwise rebut the presumption of CFTC's adequate representation, especially given the CFTC's role as the Government's enforcement agency. *See City of New York*, 198 F.3d at 367.

Nor was permissive intervention under Federal Rule of Civil Procedure 24(b) warranted. A district court has "broad discretion" to deny an application for permissive intervention, and such a denial "has virtually never been reversed." *N.Y. News, Inc. v.*

4

*Kheel*, 972 F.2d 482, 487 (2d Cir. 1992). Given Acluche's failure to show that the CFTC was not adequately representing his interests, the district court did not abuse its discretion in denying permissive intervention.

Finally, Acluche was not entitled to a hearing on his motion to intervene. As described above, his motion offered no basis for rebutting the presumption that the CFTC's representation was adequate. It was thus clear on the face of the application that the motion should be denied, and a hearing was not required. *See In re Grand Jury Subpoena Duces Tecum*, 798 F.2d 32, 34 (2d Cir. 1986) (reasoning that the district court was not required to hold an evidentiary hearing on motion to intervene where submission was "patent[ly] insufficient").

We have considered all of Acluche's arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court, entered on January 30, 2025. Acluche's pending motions to supplement the record are **DENIED** as moot.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court